WATKINS, Judge.
Charles F. Hilton, a former inmate of Angola filed the present suit against the State of Louisiana, through the Department of Corrections, for alleged injury sustained by him while an inmate. After trial on the merits, judgment was rendered in favor of Mr. Hilton in the sum of One Thousand, Five Hundred and No/100 ($1,500.00) Dollars. From this judgment, the State appealed, and Hilton answered the appeal seeking an increase in quantum. The State’s appeal was dismissed. The State now seeks dismissal of Hilton’s appeal on the ground that the matter has been settled. We find there is insufficient documentation to support the State’s claim of settlement.
Annexed to the State’s motion to dismiss the appeal is a form signed by counsel for Hilton filing a claim against the State under the Small Claims Settlement Law, LSA-R.S. 13:5141, et seq. The State contends that it paid the settlement sum of $1,500.00 plus interest directly to Hilton by check. The check is not included in the exhibits which the State attaches to its motion to dismiss.
LSA-R.S. 13:5148 B. reads as follows:
The acceptance by a claimant of any settlement sum of money under this Part shall be final and conclusive on the claimant, and shall constitute a complete release of the claim against the state, its agency or agencies, and against the employee of the state whose act or omission gave rise to the claim.
It is thus only if the settlement sum of money is accepted by the claimant that the settlement is final. There is no proof *18 that Hilton accepted the sum of money allegedly tendered to him by check.
(A dismissal may be in order if the negotiated check is presented to the Court in a subsequent motion to dismiss. It is not essential that the settlement sum be tendered jointly to client and claimant, as LSA-R.S. 13:5148 B. provides that acceptance of the settlement sum of money by claimant causes the settlement to become final.)
As there is no documentation to show the settlement sum of money was accepted by the claimant, and as acceptance of the settlement sum of money by the claimant is essential to effect a settlement under the Small Claims Settlement Law, proof sufficient to warrant a dismissal of Hilton’s appeal is lacking. Accordingly, the motion to dismiss Hilton’s appeal is denied.
MOTION TO DISMISS DENIED.